Filed 8/29/25  P. v. Guerrero
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B321032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126680-02) |
| v. | |
| DAVID PAUL GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Eleanor J. Hunter, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

As directed by the California Supreme Court, we vacate our prior opinion filed July 28, 2023 and reconsider the cause in light of *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*). (Cal. Rules of Court, rule 8.528(d).)

In 2017, defendant and appellant David Paul Guerrero was convicted of two counts of murder. The jury found true witness-murder, gang-murder, and multiple-murder special circumstance allegations as well as firearm and gang enhancement allegations. (Pen. Code, §§ 190.2, subd. (a)(2), (3), (10), & (22); 12022.53, subds. (d), (e)(1); 186.22, subd. (b)(1)(C).) Guerrero was sentenced to two terms of life without the possibility of parole, plus consecutive terms of 25 years to life as to each murder count pursuant to Penal Code section 12022.53, subdivisions (d) and (e)(1). Sentences as to the gang enhancements were stayed. While Guerrero's direct appeal was pending, Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) went into effect, amending Penal Code section 12022.53 to grant discretion to trial courts to strike or dismiss firearm enhancements in the interests of justice. (Stats. 2017, ch. 682, § 2.)

In 2019, we affirmed Guerrero's conviction. (*People v. Guerrero* (July 23, 2019, B284001) [nonpub. opn.].) Because of the passage of Senate Bill 620, we granted a limited remand to give the trial court the opportunity to exercise its newly granted discretion to strike or dismiss the firearm use enhancements. At a hearing on April 22, 2022, the trial court elected not to strike or dismiss the firearm use allegations and did not resentence Guerrero. The trial court did not consider whether recently enacted Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) applied to Guerrero's conviction and sentence.

Guerrero now appeals the court's April 22, 2022 order. We reverse.

## FACTUAL AND PROCEDURAL SUMMARY

We do not recite all the facts of the underlying murders as they are not relevant to our disposition. However, we briefly summarize the material facts for context, drawing on our 2019 opinion in Guerrero's direct appeal. (*People v. Guerrero*, *supra*, B284001.)

In 2014, Guerrero was charged with the murders of Corey Ferguson and Questshawn Irving. In addition to gang and multiple murder special circumstance allegations, it was also alleged that Ferguson was murdered because he was a witness to the 2002 murder of Darryl White. Gang and firearm enhancement allegations were alleged as to both counts. In 2017, a jury found Guerrero guilty as charged. The trial court imposed sentence on the murder counts and the firearm enhancements, staying the sentences on the gang enhancements. (*People v. Guerrero*, *supra*, B284001.)

In July 2019, we affirmed Guerrero's conviction. We did not reverse, strike or vacate any portion of the judgment, but remanded for the limited purpose of giving the trial court the opportunity to consider striking or dismissing the firearm enhancements in light of the passage of Senate Bill 620 while Guerrero's appeal was pending. (*People v. Guerrero*, *supra*, B284001.)

Guerrero then petitioned the California Supreme Court for review. The Supreme Court denied review on October 30, 2019, and the remittitur issued November 4, 2019. Nothing in the record indicates Guerrero sought review in the United States Supreme Court.

3

Due to delays related to the COVID-19 pandemic and the retirement of Guerrero's counsel, the post-remand sentencing hearing was not held in the superior court until April 22, 2022. In the meantime, Assembly Bill 333 was passed and became effective January 1, 2022. (Stats. 2021, ch. 699, § 3.) Assembly Bill 333 added new elements to the substantive offense and enhancements in the gang statutes and its substantive changes apply retroactively to all nonfinal cases under *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*). (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.)

At his resentencing hearing, Guerrero was present with counsel. The hearing was held before the same judge who presided over the trial. After entertaining argument, the court denied Guerrero's request to strike or dismiss the firearm allegations and left his original sentence intact. The trial court did not analyze whether Assembly Bill 333 applies to Guerrero's conviction and sentence, other than to find dismissal of the gang enhancements would endanger public safety.

This appeal followed. We grant Guerrero's request to take judicial notice of our 2019 opinion in his direct appeal and the record in that appeal, *People v. Guerrero*, *supra*, B284001.

## DISCUSSION

Guerrero does not contend the trial court abused its discretion or committed prejudicial error in declining to strike or dismiss the firearm use enhancements. Rather, his only contentions are based on the passage of new legislation in 2021 concerning the gang enhancement statute and the collection of administrative fees from criminal defendants, i.e., Assembly Bill 333 and Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Assembly Bill 177). (Stats. 2021, ch. 257, § 20.)

1.   **Assembly Bill 333**

Guerrero contends the retroactivity rule of *Estrada* applies here with respect to Assembly Bill 333.  He says that when we remanded this matter in 2019 to allow the trial court the opportunity to exercise its newly granted discretion under Senate Bill 620 with respect to the firearm enhancements, we "conditionally vacated" his sentence and "constructively reset the finality determination" under both federal and state law.  Guerrero argues he is therefore entitled to the benefit of the amendments enacted by Assembly Bill 333.  He says the jury's true findings on the gang allegations and the gang special circumstance allegations must be reversed and the matter remanded for a retrial on those allegations, or, if the prosecution declines to retry them, then a full resentencing.  We agree.

The relevant question here is not whether Assembly Bill 333 applies retroactively to nonfinal judgments, but whether defendant's judgment was final for *Estrada* purposes.  Both parties concede, and we agree, that the amendments enacted by Assembly Bill 333 apply retroactively to Guerrero in light of *Lopez*.

"In the criminal law context, when ameliorative legislation goes into effect, we generally presume the Legislature intends the benefits of the new enactment to apply as broadly as constitutionally permissible to all nonfinal cases.  [(*Estrada*, *supra*, 63 Cal.2d at p. 745.)]  The focus is on finality because ameliorative enactments can constitutionally apply to any case where the judgment is not yet final.  (*Ibid*.)  For purposes of *Estrada*, the test for finality is 'whether the criminal prosecution or proceeding *as a whole* is complete.'  [Citation.] The meaning of finality in the *Estrada* context is distinct from the issue of

5

whether a judgment is final for purposes of appealability." (*Lopez*, *supra*, 17 Cal.5th at p. 392.)

In July 2019, we affirmed defendant's conviction in its entirety. We did *not* reverse, strike or vacate, conditionally or otherwise, any portion of the judgment. We remanded for the limited purpose of giving the trial court the opportunity to consider striking or dismissing the firearm use enhancements in light of the passage of Senate Bill 620 during the pendency of that appeal. Without finding legal error, we remanded only because of the passage of new legislation.

Was Guerrero's judgment of conviction "final" for *Estrada* purposes in early 2020, long before Assembly Bill 333 became effective January 1, 2022? In *Lopez*, our Supreme Court told us the answer is no. Indeed, we find the facts and procedural posture of *Lopez* eerily similar to this appeal.

Lopez was convicted of murder, sentenced to 141 years to life in prison and appealed. On appeal, the court of appeal modified the sentence and conditionally reversed and remanded for further sentencing pursuant to Senate Bill No. 620. As here, the court of appeal ordered the trial court to consider whether to strike the prior serious felony conviction enhancement or any of the firearm enhancements. The appellate court ordered the trial court to resentence Lopez if any of the enhancements were struck. If none were struck, the trial court was directed to reinstate the modified judgment. (*Lopez*, *supra*, 17 Cal.5th at p. 393.)

As is the case here, while Lopez was awaiting resentencing in the trial court, the Legislature enacted Assembly Bill 333. At the resentencing hearing, the trial court declined to apply Assembly Bill 333 retroactively to Lopez's case on the ground

6

that his conviction was final. The trial court then resentenced Lopez to 101 years to life. (*Lopez*, *supra*, 17 Cal.5th at p. 394.)

The court of appeal affirmed the trial court. Our Supreme Court reversed, relying on several of its own precedents and that of the United States Supreme Court. It reiterated that the "*Estrada* finality 'inquiry focuse[s] on whether the criminal prosecution or proceeding *as a whole* is complete' [citation] . . . 'when " 'the last word of the judicial department with regard to a particular case or controversy' " has issued.' " (*Lopez, supra*, 17 Cal.5th at p. 395.) This includes where an order has left unresolved whether the court would modify its judgment, including an order involving a defendant's sentence. (*Ibid.*)

The Supreme Court concluded that when Assembly Bill 333 took effect, Lopez had not exhausted his remedies on direct appeal because even though his conviction was affirmed, his criminal proceeding was pending resentencing before the superior court. The criminal proceeding had not yet reached final disposition in the highest court authorized to review it. (*Lopez, supra*, 17 Cal.5th at pp. 396–397.) The Supreme Court pointedly held: " ' "Here, it suffices to say that there is no ' "constitutional obstacle" ' [citation] to requiring retroactive application of ameliorative laws where a criminal conviction has been affirmed on direct appeal but sentencing issues remain pending on remand before the superior court." ' " (*Id.* at p. 397.) The Supreme Court noted that because the terms "judgment" and "sentence" are generally considered synonymous in criminal actions and there is no judgment of conviction without a sentence, Lopez's case had not been reduced to final judgment for *Estrada* purposes. (*Lopez*, at p. 397.) The Supreme Court found Lopez eligible for consideration of the ameliorative provisions of Assembly Bill 333

7

because his options for direct review had not yet been exhausted. (*Lopez,* at p. 397.)

That our previous remand did not expressly modify, conditionally reverse, strike, or vacate the sentence is immaterial. As the *Lopez* court held, the scope of the superior court's jurisdiction as defined by the remittitur does not prevent the retroactive application of ameliorative laws. (*Lopez*, *supra*, 17 Cal.5th at pp. 396, 400.) Indeed, in its disposition, the Supreme Court noted that in addition to consideration of Assembly Bill 333, Lopez, on remand, was entitled to renew his arguments that he is entitled to resentencing under additional ameliorative legislation that had also been passed while his appeal was pending. (*Lopez*, at p. 400.)

We hold Guerrero, like Lopez, is entitled to argue on remand for resentencing under ameliorative legislation passed since April 22, 2022, while his appeal has been pending. We remand the matter as well to allow the trial court to determine in the first instance whether the People must retry the gang enhancements and special circumstances to meet their burden of proof pursuant to Assembly Bill 333's new requirements. (*People v. Cooper* (2023) 14 Cal.5th 735, 746–747 [People may retry gang enhancements if they so choose upon remand].)

2.    **Assembly Bill 177**

In his opening brief, Guerrero briefly argues that any fees repealed by Assembly Bill 177 must be vacated. He concedes he did not raise this argument below. Even assuming Guerrero is entitled to pursue this argument, he does not identify any fees imposed by the court of the type properly stricken under the new statutory language—a point raised in the People's brief to which Guerrero did not reply. And, according to our review, the record

does not indicate imposition of any such fees (e.g., administrative costs for collection of the restitution fee). Because Guerrero will be resentenced, this issue can be addressed by the trial court if it is raised with specificity on remand.

## DISPOSITION

The order of April 22, 2022 is reversed with direction to the trial court to consider whether Assembly Bill No. 333 requires reversal of the gang special circumstances and enhancements, and, if so, to permit the People to set those matters for retrial, if the People so choose. On remand, Guerrero may renew his challenge to the fees imposed and may seek to be deemed eligible for the benefits of ameliorative legislation passed since April 22, 2022, while his appeal has been pending.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, P. J.

We concur:



WILEY,  J.                              VIRAMONTES, J.


9